

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# Bagagnan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Bagagnan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-3216

———

SALAME BAGAGNAN,
                                        Petitioner
                v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A79-306-936)
Immigration Judge:  Hon. Alberto Riefkohl

———

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before:  SLOVITER, AMBRO, Circuit Judges, and RESTANI[*], Judge

(Filed: December 18, 2007)

———

OPINION

———

_____

[*] Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

SLOVITER, Circuit Judge.

Salame Bagagnan petitions for review of an order of the Board of Immigration Appeals ("BIA") supplementing and affirming the decision of the Immigration Judge ("IJ"), who denied Bagagnan's requests for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court has jurisdiction to review the final agency order under 8 U.S.C. § 1252. For the reasons stated below, we will deny Bagagnan's petition.

**I.**

As we write for the parties, we set forth only those facts necessary to our analysis. Bagagnan, a native and citizen of Burkina Faso, entered the United States on a visitors visa on or about August 18, 1999. On March 8, 2002, Bagagnan was issued a Notice to Appear, charging him as removable as an alien who, by fraud or wilfully misrepresenting a material fact, seeks to procure a visa for admission to the United States. See 8 U.S.C. § 1182(a)(6)(C)(i).

On October 16, 2002, Bagagnan filed an asylum application with the Immigration Court. Bagagnan conceded removability before an IJ, but stated his intent to pursue an application for withholding of removal and protection under the CAT. Bagagnan also stated his intention to apply for asylum, but withdrew this application following an off-record consultation with counsel. According to Bagagnan, he had refused to authorize the circumcision of his two daughters, who live in Burkina Faso, and as a result, his paternal

2

uncle had threatened to kill him. Bagagnan also explained that he had not filed for asylum prior to October 16, 2002, because until that time he had been married to a United States citizen.

Between his written statements and his testimony, Bagagnan's evidence contained numerous and significant discrepancies. While Bagagnan attributed these to translation errors, the IJ identified them as inherent contradictions that undermined Bagagnan's credibility. Bagagnan's oral testimony that he was asked to circumcise his daughters in 1998 conflicted with his written statement that he was first asked to circumcise his eldest daughter in 2002 when she turned seven. Additionally, the IJ determined that Bagagnan's fear of persecution was belied by the fact that he lived in the United States for three years before applying for asylum. Finally, the IJ found that Bagagnan failed to present corroborating evidence that Burkina Faso grants to fathers the authority to refuse to allow their daughters to be circumcised, or that fathers would be harmed for such refusal. For these reasons, the IJ made an adverse credibility determination, finding that Bagagnan had provided incredible and uncorroborated testimony. Accordingly, the IJ denied Bagagnan's requests.

The BIA dismissed Bagagnan's appeal, adopting the IJ's decision and providing further analysis in support of dismissal. The Board also found that Bagagnan had failed to establish that he had filed for asylum within one year of arrival in the United States, or that he qualified for an exception to the filing deadline.

3

**II.**

We review the IJ's determination that Bagagnan's claims were not credible under the substantial evidence standard. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under this standard, we uphold the agency's credibility determinations, "unless any reasonable adjudicator would be compelled to the contrary." 8 U.S.C. § 1252(b)(4)(B). In this case, the Board adopted the IJ's decision, and supplemented it with further analysis. Thus we will review the IJ's decision, as well as the Board's. See Wang v. Attorney General, 423 F.3d 260, 267 (3d Cir. 2005).

**III.**

Bagagnan contends that the IJ erred in denying his application for withholding of removal and relief under CAT, and that the Board abused its discretion by affirming that decision. The record does not support Bagagnan's challenge. At the heart of Bagagnan's story is the alleged request that Bagagnan allow the circumcision of his daughters, and the alleged threats that followed his refusal to do so. It is therefore significant, as we noted, that Bagagnan provided inconsistent testimony regarding the date of this request. In his written statement, Bagagnan stated that this request occurred when his eldest daughter was seven, but that was in 2002, at which time Bagagnan was living in the United States. Similarly, although Bagagnan testified that his uncle allegedly threatened to kill him, he somehow failed to mention this critical issue in his written statement. Bagagnan asserts that these gaps and discrepancies were caused by his translator, as well as his poor

4

recollection of dates. It strains credibility to attribute a four-year, continent-spanning discrepancy to communication error, much less the workings of a faulty memory. Moreover, as Bagagnan's written statements were prepared with the help of counsel, it is even less likely that an integral issue–the alleged threats made by Bagagnan's paternal uncle–would be omitted from his written statement altogether.

In any event, even if Bagagnan's testimony were credible, it does not follow that it was sufficient to meet his burden of proof. See Obale v. Attorney General, 453 F.3d 151, 163 (3d Cir. 2006); Abdulai v. Ashcroft, 239 F.3d 542, 553 (3d Cir. 2001). Although persecution may be proven by testimony alone, "the BIA may sometimes require otherwise-credible applicants to supply corroborating evidence to meet their burden of proof." Abdulai, 239 F.3d at 554.

Bagagnan failed to provide evidence that corroborates his claim that fathers in Burkino Faso–let alone fathers who are not members of the family circle–can refuse to allow their daughters to be circumcised, nor did he substantiate his claim that threats are a consequence of such refusals. These issues are critical to Bagagnan's claims, and he was given notice of this fact by the IJ. Nonetheless, in his appeal to the Board, Bagagnan failed to come forward with such evidence or explain its unavailability. Accordingly, the record does not compel reversal of the agency's determinations. Similarly, we also reject Bagagnan's argument that the Board failed to evaluate properly his evidence and thus violated his due process rights. Rather, we are satisfied that the Board's decision was

5

supported by a constitutionally sufficient analysis, which applied the applicable law to the proffered facts. Thus, we will deny Bagagnan's petition for review.